```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

SHERRY T. RODGERS,            :

      Plaintiff,         :

vs.                           :      CIVIL ACTION NO. 11-00069-CB-B

DONALD LOLLEY, *et al.*,      :

      Defendants.        :

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 (Doc. 1), together with a Motion to Proceed Without Prepayment of Fees (Doc. 4). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court due to Plaintiff's failure to pay the partial filing fee.

Following a review of Plaintiff's Motion to Proceed Without Prepayment of Fees, the Court, on March 11, 2011, ordered Plaintiff to pay a $8.83 partial filing fee by April 11, 2011 (Doc. 4). Plaintiff was warned that his failure to comply with the Order within the prescribed time would result in the dismissal of this action. Plaintiff has not paid the partial filing fee, nor has his copy of the Court's Order been returned to the Court. Additionally, Plaintiff has not requested additional time in which to pay the

partial filing fee.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action by paying the partial filing fee, the Court recommends that, through its inherent powers, this action be dismissed without prejudice. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieved the orderly and expeditious disposition of cases."); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); *Wilson v. Sargent,* 313 F.3d 1315, 1331-32 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *see generally Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 41(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal *with prejudice* requires findings of contumacious conduct and that lesser sanctions will not suffice). In the present action, if Plaintiff disputes the finding of failure to pay the partial filing fee and wants to proceed with the litigation of his action, he shall set forth in an objection to the report and recommendation the reasons

for his failure to pay. *Wilson,* 414 F.3d at 1320 (citing to *Hatchet v. Nettles,* 201 F.3d 651, 654 (5th Cir. 2000) (finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to pay a partial filing fee)).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

In light of the instant Report and Recommendation, Plaintiff's Motion to Appoint Counsel, filed on April 11, 2011 (Doc. 4), is DENIED.

**DONE** this **11th** day of **May, 2011.**

                            **/s/ SONJA F. BIVINS**
                        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.     **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

            **s/Sonja F. Bivins**
            **UNITED STATES MAGISTRATE JUDGE**